IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TROY MURPHY,

        Plaintiff,

v.                                               Civil action no. 2:07cv23
                                                    (Judge Maxwell)

FCI GILMER;
UNITED STATES DEPARTMENT OF JUSTICE/
FEDERAL BUREAU OF PRISONS;
UNKNOWN MAIL ROOM EMPLOYEES OF FCI;

        Defendants.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 19, 2007, the plaintiff, initiated this case by filing a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. In addition, the plaintiff has alleged a claim pursuant to the Federal Tort Claim Act. On March 20, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, <u>et seq</u>., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

In his complaint, the plaintiff alleges that on October 25, 2006, November 27, 2006, November 29, 2006, December 13, 2006, December 15, 2006, January 23, 2007, January 26 2007, and February 13, 2007, "unknown" employees at FCI Gilmer opened his legal mail which was marked open in his

1

presents (sic). The plaintiff indicates that the mail in question was from the Clerk's office for the United States District Court for the Eastern District of North Carolina. The plaintiff alleges that this action by the mail room staff violated Program Statements issued by the Bureau of Prisons ("BOP"). In addition, the plaintiff alleges that this action violated his First and Fourteenth Amendment rights. As relief, the plaintiff seeks compensatory damages of $65,000 and punitive damages of $65,000 from both FCI Gilmore and the Bureau of Prisons as well as compensatory damages of $10,000 and punitive damages of $10,000 from the unknown defendants.

### III. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle

---

[1] Id. at 327.

v. Gamble, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

### A. Bivens Action

A Bivens action, like an action under 42 U.S.C. §1983, is subject to exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA). Porter v. Nussle, 534 U.S. 516 (2002). The Nussle decision makes it clear that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstance or particular episodes, and whether they allege excessive force or some other wrong," Nussle 534 U.S. at 532, and that "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. at 524. The exhaustion requirement cannot be dispensed with, meaning that a prisoner must file a grievance and pursue any appeals, even if the relief the prisoner seeks, such as monetary damages, is unavailable. Booth v. Churner, 532 U.S. 731, 739-40 (2001).

The Fourth Circuit has determined that the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Services, 407 F.3d 674 (4th Cir. 2005). The Fourth Circuit further found that exhaustion is an affirmative defense, but that a district court may dismiss the complaint where the failure to exhaust is apparent from the face of the complaint or that the court may inquire "on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (BP-10). Finally, if the prisoner has received no satisfaction, he may

appeal to the office of the General Counsel (BP-11). 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, the plaintiff notes in his complaint that he "has leave to pursue his claim for damages in this Court via, Final denial of Claim by the Department of Justice dated December 11, 2006." The plaintiff is clearly confused as to the requirements of exhaustion of administrative remedies for purposes of a Bivens action and exhaustion of administrative remedies for purposes of a Federal Tort Claim Act. 28 U.S.C. § 2675(a), cited by the plaintiff for proof that he has exhausted his administrative remedies, pertains to Federal Tort Claim Act. It requires a plaintiff to first present the claim to the appropriate Federal agency before instituting a claim for money damages against the United States. It has nothing to do with the requirement of fully exhausting the four-step administrative process provided by the BOP. Therefore, because the information provided by the plaintiff clearly establishes that he has not exhausted the four-step administrative remedy process as established by the BOP, his complaint against the "John Doe" mail room staff employees should be dismissed without prejudice.

In addition, even in the plaintiff exhausted his administrative remedies, the plaintiff's Bivens claim is still subject to dismissal. A Bivens cause of action is only available against federal officers in their individual capacities and cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). A Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1974); Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003). Therefore, the United States Department of Justice/

United States Federal Bureau of Prisons and FCI Gilmer cannot be sued in a <u>Bivens</u> action, and the plaintiff's claims against those defendants should be dismissed with prejudice.

**B.  Federal Tort Claim Act**

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA.  <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code.  28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Section 13466(b) grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. <u>Richards v. United States</u>, 369 U.S. 1, 6 (1962).  This category includes claims that are:

> (1) against the United States, (2) for money damages, (3) for injury or loss of property, or personal injury or death, (4) caused by the negligent or wrongful act or omission of any employee of the Government, (5) while acting within the scope of his office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b).  Because all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

Accordingly, plaintiff's claim that mail room staff opened his "Special Mail" outside his presence is actionable under §1346(b) only if it alleges the six elements above.  Clearly it does not. Significantly, the plaintiff makes no allegation that his mail was damaged or lost; only that it was read outside of his presence.  Furthermore, he makes no allegation that any substantive law of West

5

Virginia has been violated. Although the plaintiff alleges that his right to legal mail is protected under the First Amendment of the United States Constitution, the same does not state a cognizable claim. By definition, federal law, not state law provides the source of liability for a claim alleging the deprivation of a federal constitutional right, and the United States has not rendered itself liable under the FTCA for constitutional tort claims. See F.D.I.C. v. Meyer, 510 U.S. 471 (1994). Therefore, because the plaintiff has not satisfied all the elements of § 1346(b), his FTCA should be dismissed.

## VI. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's Bivens claim be **DISMISSED WITH PREJUDICE** against the United States Department of Justice/Federal Bureau of Prisons, and FCI Gilmer for failure to name proper defendants; (2) the plaintiff's Bivens claim be **DISMISSED WITHOUT PREJUDICE** against the unknown mail room employees of FCI Gilmer for failure to exhaust administrative remedies; and (3) the plaintiff's FTCA be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: April 11, 2008

      /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE